IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARFIELD BROOKES,

    Plaintiff,

CASE NO.:

-vs-

DYNAMIC RECOVERY SOLUTIONS, LLC,

    Defendant.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act., 47 U.S.C. §227 *et seq.* ("TCPA"), The Florida Consumer Collection Practices Act., 15 U.S.C. §1692 *et seq.* ("FCCPA") and The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

3.    Jurisdiction and venue for purposes of this action are appropriate and conferred by Florida Statutes.

4.    The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

5.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Hillsborough County, Florida.

6.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

7.    Plaintiff is an "alleged debtor."

1

8. Plaintiff is the "called party." See *Soppett v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 643 (7th Cir. 2012) reh'g denied (May 25, 2012.

9. Defendant is a corporation and a citizen of the State of South Carolina with its principal place of business at 135 Interstate Blvd., Suite #6, Greenville, SC 29615.

10. Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C. §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

11. The debt that is the subject of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

12. Defendant intentionally harassed and abused the Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably expected to harass.

13. Each call the Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

14. Each call the Defendant made to Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

15. In or about January 2012, Plaintiff received a telephone call on his cellular telephone number [(813)279-4627], from the Defendant. Plaintiff informed the Defendant that the Master Card account was not his, and requested to be taken off their call list.

16. Plaintiff received approximately one hundred (100) calls from the Defendant from January 2012 through May 14, 2013, and the calls continue through the filing of this complaint.

17. Defendant implied that they believed the Plaintiff was lying, by continuing to incessantly call Plaintiff after Plaintiff notified Defendant that he did not have a Master Card account, and the debt was not his.

18. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular phone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

19. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

20. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

21. Defendant's corporate policy provides no means for the Plaintiff to have his number removed from the call list.

22. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

23. Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

24. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

25. None of the Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

26. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff. .

### COUNT I
### (Violation of the TCPA)

27. Plaintiff incorporates Paragraphs one (1) through twenty-five (25).

28. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

29. Plaintiff re-alleges paragraphs one (1) through twenty-five (25).

30. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

31. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

32. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

33. Defendant has violated Florida Statute §559.72(6)

34. Defendant has violated Florida Statute §559.72(9)

35. Defendant has violated Florida Statute §559.72(12)

36. Defendant has violated Florida Statute §559.721(19)

37. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

38. Plaintiff incorporates paragraphs one (1) through twenty-five (25).

39. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

40. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

41. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

42. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the Plaintiff which he does not owe.

43. Defendant has violated 15 U.S.C. §1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
WPHPleadings@forthepeople.com
KRodriguez@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, William Peerce Howard, Esquire, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Service of Process on its Registered Agent.

_____
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
WPHPleadings@ForThePeople.com
KRodriguez@ForThePeople.com
Florida Bar #: 0103330
Attorney for Plaintiff

2